Kate VEZINA, Plaintiff—Appellant,

v.

Jo Anne BARNHART,\* Commissioner of Social Security Administration, Defendant—Appellee.

No. 02–56439.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2003.\*\*

Decided July 16, 2003.

---

\* Jo Anne Barnhart is substituted for her predecessor, Larry G. Massanari, as Social Security Commissioner. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, FERNANDEZ and RYMER, Circuit Judges.

### MEMORANDUM ***

Kate Vezina appeals the district court's entry of summary judgment in favor of the Commissioner of Social Security, affirming the Commissioner's final decision to deny Vezina's application for disability insurance benefits and supplemental security income (SSI) disability benefits under Titles II and XVI of the Social Security Act. We affirm.

Vezina argues that the ALJ failed to articulate which of her allegations were not credible and to identify clear and convincing reasons why. However, the ALJ accepted Vezina's basic claim that she had a severe mental impairment that imposed significant work-related limitations, but found that this impairment did not meet or equal any of the criteria contained in the listing of impairments. To this extent Vizina's credibility was not a "critical factor" and *Lewin v. Schweiker*, 654 F.2d 631 (9th Cir.1981), upon which she relies, is inapposite. *See, e.g., Rand v. Sullivan*, 924 F.2d 159, 161 (9th Cir.1991) (distinguishing *Lewin* where Secretary's decision did not turn on claimant's credibility). To the extent that the ALJ may implicitly have found Vezina's subjective complaints

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

about being unable to work incredible, the determination was well supported by the ALJ's specific discussion of Vezina's testimony, evidence of her daily lifestyle (which included a wide range of physical and household activities), and treatment notes.

■ Vezina also argues that the ALJ failed to give adequate reasons for rejecting the opinion of her treating psychologist. The ALJ concluded that nothing in Dr. Zerbe's report warranted a finding that Vezina could not perform simple, entry-level work in a low-stress work environment in which she would have only limited contact with co-workers, supervisors, and the general public. Even if the ALJ's decision can be construed as rejecting Dr. Zerbe's report, specific and legitimate reasons were provided for doing so that are supported by substantial evidence, including the extensive treatment records from the Areta Cromwell Center reflecting Vezina's ability to function and belying any assertion that Vezina was incapable of performing even simple, low-stress work.

■ Finally, Vezina argues that the ALJ's hypotheticals to the vocational expert (VE) were incomplete because they omitted Dr. Zerbe's opinion that in order for Vezina to do simple tasks, someone had to organize them for her. "In order for the testimony of a VE to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental[,] supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (citation and internal quotation marks omitted). The ALJ's condensation of the medical evidence was sufficiently accurate to allow the VE to assess Vezina's capacity to do work. Consistent with Dr. Zerbe's findings, the ALJ stressed that Vezina had to be restricted to low-stress work with limited contact with peers, supervisors, and the public. In response, the VE listed jobs such as ma-

chine presser, laundry worker, and produce sorter, all of which involve simple, repetitive, relatively unskilled tasks. Vezina does not argue that these jobs would require self-direction or organization on her part. Accordingly, it was not improper for the ALJ to rely on the VE's testimony.

AFFIRMED.